**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| BRANDEN WARNER,<br>    Plaintiff,<br><br>v.<br><br>OFFICER CONNOR PERRY, in his<br>individual capacity, and<br>THE CITY OF NASHUA,<br>    Defendants. | )<br>)<br>)    Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, Branden Warner, by and through his attorneys, Buckley Law

Offices, P.C., and complains against the Defendants, Officer Connor Perry, in his individual

capacity, and the City of Nashua, as follows:

**NATURE OF THE ACTION**

1.  This is a civil rights action brought under 42 U.S.C. § 1983 and the Fourth and Fourteenth

    Amendments to the United States Constitution, together with supplemental claims under

    New Hampshire law, arising from the unprovoked attack of the Plaintiff, a cooperating crime

    victim, by a Nashua Police Department K-9 on June 27, 2023.

**JURISDICTION AND VENUE**

2.  This Court has subject matter jurisdiction over the Plaintiff's federal claims under 28 U.S.C.

    §§ 1331 and 1343(a)(3) and (4), because those claims arise under the Constitution and laws

    of the United States, specifically the Fourth and Fourteenth Amendments and 42 U.S.C. §

    1983.

1

3.  This Court has supplemental jurisdiction over the Plaintiff's state-law claims under 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy.

4.  In the alternative, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the Plaintiff is a citizen of the Commonwealth of Massachusetts, the Defendants are citizens of the State of New Hampshire, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.  Venue is proper in the District of New Hampshire under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District and the Defendants reside in this District.

**PARTIES**

6.  Plaintiff Branden Warner is an adult individual and a citizen of the Commonwealth of Massachusetts, residing at 41 Holly Avenue, Lynn, Massachusetts 01904.

7.  Defendant Officer Connor Perry is, upon information and belief, an adult individual and a sworn law enforcement officer employed by the Nashua Police Department, with a place of employment at 28 Officer James Roche Drive, Nashua, New Hampshire 03062. At all times relevant to this Complaint, Officer Perry was the handler of the Nashua Police Department K-9 known as "Yukon," acted under color of state law, and is sued in his individual capacity.

8.  Defendant City of Nashua is a municipal corporation organized under the laws of the State of New Hampshire, with offices at 229 Main Street, Nashua, New Hampshire 03060. At all times relevant to this Complaint, the City of Nashua operated, managed, and controlled the

Nashua Police Department and its K-9 unit, and was the owner, keeper, or possessor of the K-9 Yukon.

## FACTUAL ALLEGATIONS

9. On June 27, 2023, the Plaintiff, then 26 years old, was the victim of an armed robbery and assault near 343 Main Street in Nashua, New Hampshire, during which he was robbed at gunpoint and struck in the head.

10. The Plaintiff promptly called the Nashua Police Department to report the crime and to request assistance.

11. Officers of the Nashua Police Department, including a K-9 unit handled by Defendant Officer Connor Perry, responded to the scene.

12. The responding officers identified the Plaintiff as the victim of the crime and instructed him to stand aside on the public sidewalk, out of the way of the police investigation.

13. The Plaintiff complied with the officers' instructions and stood peacefully on the public sidewalk. He presented no threat to any person, was not suspected of any crime, and did not interfere with the officers' activities.

14. Defendant Perry's K-9 partner, Yukon, a German Shepherd trained in aggressive suspect apprehension using the "bite-and-hold" method, was secured in the rear K-9 compartment of Officer Perry's police cruiser.

15. The K-9 compartment was equipped with a remote door-release mechanism, known as a "Hot-N-Pop" system, that was controlled by Defendant Perry.

16. While Defendant Perry was away from his cruiser, the door to the K-9 compartment opened without any command or intentional activation. Yukon exited the cruiser, approached the

3

Plaintiff, and jumped on him. Defendant Perry then regained control of the dog and returned him to the cruiser.

17. At that point, the Defendants had actual notice that the K-9 compartment's door-release mechanism had failed and that the failure created an immediate and foreseeable danger to the Plaintiff and others nearby.

18. Despite this notice, the Defendants took no corrective action and implemented no additional safety measures to secure the attack-trained K-9 or the malfunctioning door-release mechanism.

19. Moments later, while the Plaintiff continued to stand peacefully where the officers had instructed him to remain, the K-9 compartment door opened a second time.

20. Yukon again exited the cruiser and attacked the Plaintiff, biting him repeatedly and inflicting severe injuries.

21. In a desperate attempt to escape, the Plaintiff was forced to climb over safety barriers and onto a staircase railing and to cling to a roof overhang, while the K-9 continued to attempt to bite him.

22. Although the Plaintiff cried out for help, the K-9 was brought under control only after the Plaintiff had already sustained multiple bites.

23. As a result of the attack, the Plaintiff suffered an avulsion wound to his right thigh, in which a portion of tissue approximately the size of a quarter in diameter and one inch deep was completely removed, together with multiple deep puncture wounds to his right upper arm and right forearm, lacerations, and tissue damage.

4

24. The Plaintiff was transported by ambulance to Southern New Hampshire Medical Center, where his wounds were irrigated, anesthetized, sutured, and dressed, and where he received a tetanus booster and antibiotics.

25. The Plaintiff thereafter required ongoing wound care and scar management and underwent scar revision surgery on or about November 13, 2024.

26. As a result of the attack, the Plaintiff was diagnosed with post-traumatic stress disorder and other trauma and stressor-related conditions, for which he has required mental health treatment.

27. The Plaintiff has reached maximum medical improvement but is left with permanent scarring, permanent functional impairment, and permanent psychological injury.

28. The attack has impaired the Plaintiff's ability to perform his seasonal landscaping work and has caused him persistent pain, anxiety, and self-consciousness.

29. To date, the Plaintiff has incurred medical and related expenses of not less than $25,654.06, with additional damages to be proven at trial.

30. The Nashua Police Department conducted an internal administrative review of the incident, documented in its records, including offense report number 23-41723 and Administrative Review 2023-07, which determined that the attack resulted from operator error and inadequate equipment.

31. The door-release mechanism in use at the time of the attack had no audible alarm or other safeguard to alert the handler that the K-9 compartment door had been inadvertently activated. Following the attack, the City of Nashua acquired a replacement door-release device equipped with an audible alarm and provided it to its K-9 handlers.

## COUNT I
### 42 U.S.C. § 1983: Fourth Amendment
### Unreasonable Seizure and Excessive Force
### (Against Defendant Connor Perry)

32. The Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

33. At all times relevant to this Complaint, Defendant Perry acted under color of state law.

34. The Plaintiff had a clearly established right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures and from the use of excessive force.

35. To the extent the release and conduct of the police K-9 effected a seizure of the Plaintiff within the meaning of the Fourth Amendment, that seizure was objectively unreasonable, because the Plaintiff was a cooperating crime victim who posed no threat, was suspected of no crime, was offered no warning, and was given no opportunity to comply.

36. Defendant Perry's failure to secure the attack-trained K-9 and the malfunctioning door-release mechanism, after actual notice of the danger, was objectively unreasonable and caused the Plaintiff to be repeatedly bitten and injured.

37. As a direct and proximate result of Defendant Perry's conduct, the Plaintiff suffered the injuries and damages described herein.

## COUNT II
### 42 U.S.C. § 1983: Fourteenth Amendment
### Substantive Due Process
### (Against Defendant Connor Perry)

38. The Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

39. The Plaintiff had a clearly established right under the Fourteenth Amendment to bodily integrity and to be free from the arbitrary and conscience-shocking use of force by state actors.

40. Defendant Perry, with deliberate indifference and reckless disregard for the Plaintiff's safety, failed to secure the attack-trained K-9 and the malfunctioning door-release mechanism after actual notice that the mechanism had already failed once and had already endangered the Plaintiff.

41. Defendant Perry's conduct was arbitrary, served no legitimate governmental purpose, and shocks the conscience, in that the Plaintiff was a cooperating crime victim entitled to the protection of law enforcement rather than to be injured by a law enforcement instrumentality.

42. As a direct and proximate result of Defendant Perry's conduct, the Plaintiff suffered the injuries and damages described herein.

**COUNT III**
**42 U.S.C. § 1983: State-Created Danger**
**(Against Defendant Connor Perry)**

43. The Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

44. By directing the Plaintiff to remain at a fixed location on the public sidewalk, and then introducing and failing to control an attack-trained police K-9 in his immediate vicinity, Defendant Perry affirmatively created and enhanced a danger to the Plaintiff that he would not otherwise have faced.

45. The danger was foreseeable and the resulting harm predictable, particularly after the K-9 compartment door had already opened once without command and the dog had already approached the Plaintiff.

46. Defendant Perry acted with deliberate indifference to the known and obvious risk of harm posed by the uncontrolled K-9.

47. As a direct and proximate result of the state-created danger, the Plaintiff suffered the injuries and damages described herein.

**COUNT IV**
**42 U.S.C. § 1983: Municipal Liability (Monell)**
**(Against Defendant City of Nashua)**

48. The Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

49. The City of Nashua is a municipal entity subject to suit under 42 U.S.C. § 1983.

50. The constitutional violations described herein were caused by the policies, customs, and practices of the City of Nashua, and by its failure to adopt adequate policies, including: (a) the failure to implement and maintain adequate safeguards to prevent the accidental release of police K-9s from K-9 vehicles; (b) the failure to inspect, maintain, and repair K-9 vehicle door-release mechanisms; (c) the failure to adequately train and supervise officers in the control of police K-9s and the securing of K-9 vehicles; and (d) the failure to take corrective action after the door-release mechanism failed and the danger became known.

51. These policies, customs, practices, and failures reflected deliberate indifference to the rights of persons, including the Plaintiff, with whom the City's officers and K-9s would foreseeably come into contact.

52. The City's own investigation of the incident determined that the attack resulted from operator error and inadequate equipment, which the City thereafter replaced, reflecting the inadequacy of the City's policies, training, and equipment at the time of the attack.

53. As a direct and proximate result of the City of Nashua's policies, customs, practices, and failures, the Plaintiff suffered the injuries and damages described herein.

**COUNT V**
**Negligence**
**(Against All Defendants)**

54. The Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

55. The Defendants owed the Plaintiff a duty to exercise reasonable care in the custody, control, securing, maintenance, and handling of the police K-9 Yukon, the K-9 vehicle, and the vehicle's door-release mechanism.

56. The Defendants breached that duty by failing to secure the K-9 and the malfunctioning door-release mechanism, by failing to inspect, maintain, and repair the mechanism, and by failing to take corrective action after the mechanism failed and the danger to the Plaintiff became known.

57. As the sole and proximate result of the Defendants' breach of duty, the Plaintiff was attacked and suffered the injuries and damages described herein.

**COUNT VI**
**Statutory Strict Liability: RSA 466:19**
**(Against Defendant City of Nashua)**

58. The Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

9

59. At all times relevant to this Complaint, the City of Nashua owned, kept, or possessed the K-9 Yukon.

60. When the Plaintiff was attacked and bitten by the K-9, he was lawfully present on a public sidewalk and was not engaged in the commission of a trespass or other tort.

61. The City of Nashua is strictly liable for the injuries and damages occasioned to the Plaintiff by the K-9 Yukon pursuant to RSA 466:19, which on June 27, 2023 provided in pertinent part as follows:

> *Any person to whom or to whose property . . . damage may be occasioned by a dog not owned or kept by such person shall be entitled to recover damages from the person who owns, keeps, or possesses the dog, unless the damage was occasioned to a person who was engaged in the commission of a trespass or other tort.*

62. As a direct and proximate result, the Plaintiff suffered the injuries and damages described herein.

## COUNT VII
### Negligence Per Se: RSA 466:31
### (Against All Defendants)

63. The Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

64. On June 27, 2023, RSA 466:31 provided in relevant part that a dog is considered to be a nuisance, a menace, or vicious to persons or to property when, among other conditions, it is "at large," meaning off the premises of the owner or keeper and not under the control of any person, or when it "bites, attacks, or preys on … human beings."

65. The Defendants violated the statute by allowing the K-9 Yukon to be at large and to attack and bite the Plaintiff.

10

66. The statute was enacted and designed to protect members of the public, including the Plaintiff, from the kind of harm that the Plaintiff suffered, and the Plaintiff is a member of the class of persons the statute was intended to protect.

67. The Defendants' violation of the statute was a proximate cause of the Plaintiff's injuries and damages.

## COUNT VIII
### Negligent Infliction of Emotional Distress
### (Against All Defendants)

68. The Plaintiff incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

69. The Defendants owed the Plaintiff a duty to refrain from negligently causing him emotional distress.

70. The Defendants breached that duty through the conduct described herein, causing the Plaintiff to suffer severe emotional distress, including post-traumatic stress disorder.

71. The Plaintiff's emotional distress is accompanied by, and manifested in, physical symptoms and physical injury.

72. As a direct and proximate result of the Defendants' conduct, the Plaintiff suffered the damages described herein.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Branden Warner, respectfully requests that this Honorable Court:

    a.   Enter judgment in favor of the Plaintiff and against the Defendants on all counts;

    b.   Award compensatory damages in an amount to be determined at trial, in excess of $75,000;

11

c.  Award punitive damages against Defendant Connor Perry, in his individual capacity, on the Plaintiff's federal civil rights claims;

d.  Award the Plaintiff his reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

e.  Award pre-judgment and post-judgment interest as allowed by law;

f.  Award the costs of this action; and

g.  Grant such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands a trial by jury on all claims and issues so triable as of right.

Dated: June 24, 2026                     Respectfully submitted,

BRANDEN WARNER,
By his attorneys,
**BUCKLEY LAW OFFICES, P.C.**

*/s/ David E. Buckley*
David E. Buckley, Esq.
NHBA #10690
30 Temple Street, Suite 210
Nashua, NH 03060
PH: (603) 595-8801
FX: (603) 595-6391
EM: info@buckleylawoffices.com

12